IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leigh Leventis and Christopher Leventis, | ) ) ) | C/A No.: 3:09-1561-JFA |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| First National Insurance Company of America, | ) ) ) | |
| Defendant/Counterclaimant, | ) ) | **ORDER** |
| vs. | ) ) | |
| Christopher Leventis; Carolina Care Plan, Inc.; Medical Mutual of Ohio; Pitts Radiology Associates, P.A.; Richland County EMS; and Palmetto Health Emergency Physicians, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| First National Insurance Company of America, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Leigh Leventis and Palmetto Health Richland, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter comes before the court on First National Insurance Company of America's

(1) motion to dismiss Count II of the consolidated complaint [Doc. 63] and (2) motion to deposit funds into the court pursuant to Fed. R. Civ. P. 22 [Doc. 71]. The parties have fully briefed the issues and the court conducted a hearing on June 11, 2010. After considering the written materials submitted and the oral argument of counsel, the court denies the motion to dismiss and grants the motion to deposit funds.

First, with respect to the motion to dismiss Count II, First National contends that the claim for specific performance should be dismissed because Leigh Leventis has an adequate remedy at law, and it would be inequitable to grant the relief requested. The court disagrees.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Before ordering specific performance, "a court in equity must find: (1) there is clear evidence of a valid agreement; (2) the agreement had been partly carried into execution on one side with the approbation of the other; and (3) the party who comes to compel performance had performed his or her part, or has been and remains able and willing to perform his or her part of the contract." *Ingram v. Kasey's Assocs.*, 531 S.E.2d 287, 291 (S.C. 2000). "Specific performance should be granted only if there is no adequate remedy at law and specific enforcement of the contract is equitable between the parties." *Id.*

Having carefully reviewed the consolidated complaint, the court finds that the plaintiff

has pled facts sufficient to state a claim for specific performance. The complaint alleges facts supporting each element of the claim. First National issued an automobile insurance policy to Leigh Leventis. The policy has been partly carried into execution by Leventis, who has paid the annual premiums. Leventis is the party seeking to compel performance and has performed his part of the agreement. The only act left to be performed, according to the complaint, is for First National to pay the "usual and customary charges incurred for reasonable and necessary medical expenses" directly to the insured. These facts are sufficient to state a claim for relief and to survive a motion to dismiss. In reaching this conclusion, the court notes that it is not able to determine at this early stage in the case, as urged by First National, whether the claim for breach of contract in Count I will provide Leigh Leventis with an adequate remedy at law, or whether the equities militate against ordering specific performance.

Second, with respect to the motion to deposit funds, First National seeks the entry of an order (1) permitting First National to deposit $639.14 into the court; (2) requiring the counterclaim defendants to interplead their claims to the funds; (3) enjoining the counterclaim defendants from prosecuting such claims in any other court proceeding; and (4) discharging First National from liability with respect to the deposited funds. The plaintiffs do not oppose the motion. The plaintiffs do, however, question whether the court will retain jurisdiction of the interpleader action if the motion is granted. The plaintiffs contend that one of the defendants in the interpleader action is a sham defendant, defeating diversity of citizenship among two or more of the claimants as required by 28 U.S.C. § 1335. The

plaintiffs have raised this issue for the court's information only, and do not seek to have the case remanded to state court.

Because the requirements of Federal Rule of Civil Procedure 22 have been satisfied, and the motion is unopposed, the court grants the motion to deposit funds. The court further concludes that once the money is deposited into the court, the court will retain jurisdiction over the interpleader action pursuant to 28 U.S.C. § 1335. First National has named six adverse claimants in the interpleader action, at least two of which are diverse in citizenship. The plaintiffs' contention that Medical Mutual of Ohio is a sham defendant fails because it is plausible that Medical Mutual of Ohio will assert a claim against First National for the funds to be deposited into the court, given that Medical Mutual, through its agent, ACS Recovery Services, has already written First National two letters seeking payment for the medical services provided to Christopher Leventis. In short, the plaintiffs have not met the heavy burden required to demonstrate fraudulent joinder. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993) (explaining that the party alleging fraudulently joinder must show that a claim cannot exist against the alleged sham defendant). The court finds in any event that it has supplemental jurisdiction over the interpleader action pursuant to 28 U.S.C. § 1367 because the claims in the interpleader action are so related to the claims in the main action that they form part of the same case or controversy.

For these reasons, the court denies the motion to dismiss Count II without prejudice [Doc. 63], and grants the motion to deposit funds [Doc. 71]. Accordingly, First National shall deposit the $639.14 into the court pursuant to Fed. R. Civ. P. 67 and Local Civil Rule

67.01. The remaining counterclaim-defendants[1] shall interplead their claims to the funds and shall not prosecute any claim to the funds in any other court proceeding. Once the funds are deposited, First National shall be discharged of all liability with respect to the deposited funds.

A scheduling order will issue separately to govern the remainder of this case.

IT IS SO ORDERED.

June 23, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] Since filing the motion to deposit funds, First National has, by agreement of the parties, dismissed the claims against Pitts Radiology [Doc. 113] and Palmetto Health Richland [Doc. 123]. Additionally, First National has requested an entry of default as to Palmetto Health Emergency Physicians and Richland County EMS pursuant to Fed. R. Civ. P. 55 [Docs. 117 and 118].