# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| LEIGH J. LEVENTIS and CHRISTOPHER LEVENTIS | ) | C.A. NO.: 3:09-1561-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant/Counterclaimant, | ) | **CONFIDENTIALITY ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER LEVENTIS, CAROLINA CARE PLAN, INC., MEDICAL MUTUAL OF OHIO, PITTS RADIOLOGY ASSOCIATES, P.A. , RICHLAND COUNTY EMS and PALMETTO HEALTH EMERGENCY PHYSICIANS, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| _____ | ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEIGH J. LEVENTIS and PALMETTO HEALTH RICHLAND, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

Whereas the parties to this action ("parties"), have stipulated that certain discovery

material is and should be treated as confidential, and have requested that the court enter a confidentiality order; and whereas the parties recognize that during the course of discovery, each party may seek documents and information concerning patient privacy, patient health information, personally identifiable financial information, confidential healthcare services, policyholder information, and other private and confidential information about the parties and non-parties that would be subject to protection from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and if disclosed and made available to the public in the absence of a protective order, such disclosure would violate patient privacy rights under federal and state law; and whereas, in order that the parties may obtain information in this case relevant to the claim or defense of any party, it is necessary to make such documents and information available to counsel of record and others while protecting both the parties and non-parties against unnecessary disclosure of private and confidential information under HIPAA; and whereas the parties wish to prevent the unnecessary and/or unlawful disclosure of such information, while insuring that they can obtain and pursue discovery with a minimum of delay and expense; and whereas the court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the court; accordingly, it is this the 10th day of September, 2010, ORDERED:

      1.    Scope.  All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other

materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.      Qualified Protective Order.  The parties are entitled to a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(iv)-(v).  The "good cause" for keeping these documents and information confidential includes the need to comply with federal law, to preserve the rights of non-party patients and insureds, and the need to protect the parties from undue litigation related to the disclosure of such private and protected information.

3.      Form and Timing of Designation.  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

4.      Documents Which May be Designated Confidential.  Any party may designate documents as confidential but only after review of the documents by an attorney  who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with

the disclosure of the documents, using the form attached hereto as Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential. Furthermore, notwithstanding any other provision of this paragraph or paragraph 3 above, the Parties agree that documents containing confidential information that would be subject to protection from public disclosure under HIPAA-including patient health information or information related to confidential healthcare services-shall be treated as confidential regardless of whether the document contains any confidentiality markings. This paragraph also applies to discovery responses or deposition transcripts as set forth in Paragraph 6.

5.      Documents which may be Protected by Privilege.  This matter involves a dispute between insurers of a mutual insured.  There are certain documents which may be relevant to the dispute in this action, but are otherwise privileged by way of attorney work product, attorney client communications, or matters which were contemplated in anticipation of litigation in the underlying suit which formed the basis of this dispute.  It is agreed and Ordered that the production of any such material will not be deemed a waiver of any privilege that may exist; and that the production of any such material that is marked as confidential shall be treated as such; and the production of such material shall not be used as evidence of waiver of any privilege by any third party or party to this agreement.

6. Depositions and Discovery Responses. All discovery responses and depositions (or portions of depositions) that would be subject to protection under this Order may be designated confidential and thereby obtain the protections accorded other confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within seven days of receipt of the transcript. Such designation shall be specific as to the portions to be protected. Unless otherwise agreed, that portion of the deposition that contains information that would be subject to protection from public disclosure under HIPAA shall be treated as confidential during the seven-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7. Protection of Confidential Material.

a. General Protections. Documents designated confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (paragraph 6(b)) for any purposes whatsoever other than preparing for and litigating this action. Confidential documents and the information contained therein shall be used for no other purpose except the customary business purposes of the party producing such materials, and shall not, without leave of this Court, be disclosed to any person or entity other than as provided in paragraph 6(b) below. No person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the

documents to any person other than those specified in paragraph 6(b).

b.      Limited Third Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)      counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)      parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed,  provided, however, that confidential information protected under HIPAA may be disclosed to a party or an employee of a party pursuant to this subparagraph only if such party was the health care provider for the patient(s) whose health information appears in the document and only after the redaction of any and all of the following identifying information: (i) the name of any patient(s), (ii) any physical address of any patient(s), (iii) any telephone number of any patient(s), (iv) any Social Security Number of any patient(s), (iv) any date of birth of any patient(s), and (v) any

other personally identifiable health or financial information that would be subject to protection from public disclosure under HIPAA and that could be used to identify an individual who is the subject of the information;

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(5)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered; and,

(6)     solely with respect to confidential information protected under HIPAA,

        (i)     health care professionals, to the extent he or she is the health care provider for the patient(s) whose health information appears in the document;

        (ii)     any patient, to the extent his or her health information appears in the document; and

        (iii)     any party, to the extent it produced the document containing the health information.

c.     Control of Documents.   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential pursuant to the terms of this Order.  Counsel shall maintain a record of those persons, including employees

of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.  Copies.  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

8.  Filing of Confidential Materials.  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal

may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

Furthermore, any Party who wishes to file with the Court a document containing confidential information protected under HIPAA must redact any and all of the following identifying information:

(a)     the name of any patient(s);

(b)     any physical address of any patient(s);

(c)     any telephone number of any patient(s);

(d)     any Social Security Number of any patient(s);

(e)     any date of birth of any patient(s); and

(f)     any other personally identifiable health or financial information that would be subject to protection from public disclosure under HIPAA and that could be used to identify an individual who is the subject of the information.

Prior to disclosure at trial or at a hearing where such confidential materials or information are at issue, the Parties may seek further protections against public disclosure from the Court based on the provisions of HIPAA providing for such protection.

9.     Greater Protection of Specific Documents.  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

10.     Challenges to Designation as Confidential.  Any confidential designation is subject to challenge.  The following procedures shall apply to any such challenge.

a.     The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

b.     A party who contends that documents designated confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation.

c.     Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)     the party who claims that the documents are confidential withdraws such designation in writing;

(2)     the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 10(b) above;

or

(3)     the court rules that the documents should no longer be designated as confidential information.

d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.     Treatment on Conclusion of Litigation.

a.     Order Remains in Effect.  All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     Return of Confidential Documents.  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (paragraph 6(d)) and all notes, extracts and/or data taken from such documents, shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Within that 30-day period, each party shall verify in writing the complete destruction or return to counsel for the producing party of all such materials.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential so long as

that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. Order Subject to Modification. This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. No Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

_Joseph F. Anderson Jr._

September 10, 2010                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

| | | |
|---|---|---|
| LEIGH J. LEVENTIS and CHRISTOPHER LEVENTIS | ) ) ) | C.A. NO.: 3:09-1561-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant/Counterclaimant, | ) ) | **ATTACHMENT A TO CONFIDENTIALITY ORDER** |
| vs. | ) ) ) | |
| CHRISTOPHER LEVENTIS, CAROLINA CARE PLAN, INC., MEDICAL MUTUAL OF OHIO, PITTS RADIOLOGY ASSOCIATES, P.A. , RICHLAND COUNTY EMS and PALMETTO HEALTH EMERGENCY PHYSICIANS, | ) ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| LEIGH J. LEVENTIS and PALMETTO HEALTH RICHLAND, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

**CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS CONFIDENTIAL**

Documents produced herewith whose bates numbers are listed below or are listed on the attached index have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

☐      I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is _____.

☐      I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____.

I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.


Date: _____     _____
                                 Signature of Counsel


                                 _____
                                 Printed Name of Counsel

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| LEIGH J. LEVENTIS and CHRISTOPHER LEVENTIS | ) ) ) | C.A. NO.: 3:09-1561-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant/Counterclaimant, | ) ) | **ATTACHMENT B TO CONFIDENTIALITY ORDER** |
| vs. | ) ) ) | |
| CHRISTOPHER LEVENTIS, CAROLINA CARE PLAN, INC., MEDICAL MUTUAL OF OHIO, PITTS RADIOLOGY ASSOCIATES, P.A. , RICHLAND COUNTY EMS and PALMETTO HEALTH EMERGENCY PHYSICIANS, | ) ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| _____ | ) | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| LEIGH J. LEVENTIS and PALMETTO HEALTH RICHLAND, | ) ) ) | |
| Third-Party Defendants. | ) ) | |
| _____ | ) | |

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:           _____
Job Title:       _____
Employer:      _____
Business Address:    _____

Date: _____                    _____
                                        Signature

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

LEIGH J. LEVENTIS and CHRISTOPHER   )   C.A. NO.: 3:09-1561-JFA
LEVENTIS          )
          )
       Plaintiff,       )
          )
vs.          )
          )
FIRST NATIONAL INSURANCE COMPANY)
OF AMERICA,       )
          )   **ATTACHMENT C TO**
    Defendant/Counterclaimant,  )   **CONFIDENTIALITY ORDER**
          )
vs.          )
          )
CHRISTOPHER LEVENTIS, CAROLINA  )
CARE PLAN, INC., MEDICAL MUTUAL  )
OF OHIO, PITTS RADIOLOGY   )
ASSOCIATES, P.A. , RICHLAND   )
COUNTY EMS and PALMETTO HEALTH  )
EMERGENCY PHYSICIANS,   )
          )
    Counterclaim Defendants.   )
_____)
FIRST NATIONAL INSURANCE   )
COMPANY OF AMERICA,    )
          )
    Third-Party Plaintiff,   )
          )
vs.          )
          )
LEIGH J. LEVENTIS and PALMETTO   )
HEALTH RICHLAND,     )
          )
    Third-Party Defendants.   )
_____)

## CERTIFICATION OF COUNSEL OF NEED
## FOR ASSISTANCE OF PARTY/EMPLOYEE

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and  I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

☐ A named party;

☐ An employee of named party _____.
  This employee's job title is _____
  and work address is _____.


Date: _____   _____
               Signature