# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| LEIGH LEVENTIS and CHRISTOPHER LEVENTIS, ) ) ) Plaintiffs, ) ) vs. ) ) FIRST NATIONAL INSURANCE ) COMPANY OF AMERICA, ) ) Defendant/Counterclaimant, ) ) vs. ) ) ) CHRISTOPHER LEVENTIS; ) CAROLINA CARE PLAN, INC.; ) MEDICAL MUTUAL OF OHIO; ) PITTS RADIOLOGY ASSOCIATES, ) P.A; RICHLAND COUNTY EMS; ) and PALMETTO HEALTH ) EMERGENCY PHYSICIANS, ) ) Counterclaim Defendants. ) ) ) FIRST NATIONAL INSURANCE ) COMPANY OF AMERICA, ) ) Third-Party Plaintiff, ) ) vs. ) ) LEIGH LEVENTIS and PALMETTO ) HEALTH RICHLAND, ) ) Third-Party Defendants. ) ) | Case No.: 3:09-1561-JFA<br><br><br><br>**ORDER DENYING CLASS CERTIFICATION AND GRANTING PLAINTIFFS LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br><br>JUDGE JOSEPH F. ANDERSON, JR. |

This matter comes before the Court on the joint motion of Plaintiffs and Defendant for entry of an order denying class certification and granting Plaintiffs leave to file a third amended

1

complaint (ECF No. 238). Having reviewed the joint motion and the representations of counsel regarding the terms of the mediated settlement agreement, and in light of the complexities of this case and the pleadings and arguments of the parties, the Court hereby **FINDS, CONCLUDES,** and **ORDERS** as follows:

1. Plaintiffs commenced this action against First National in May 2009. First National removed the action to this Court under the Class Action Fairness Act on June 12, 2009.

2. After more than a year of discovery and motions practice, Plaintiffs timely moved for certification of their proposed plaintiff class on May 16, 2011. To afford full presentation of the issues related to class certification, the Court permitted additional class-certification discovery from February 25, 2011, to March 18, 2011. In addition, the Court ordered two rounds of class-certification briefing and conducted a class-certification hearing on August 3, 2011.

3. In light of the complexities of the case, the novelty of the issues presented, and the Court's expressed view that a settlement might be the most efficient way to resolve the parties' differences, the Court granted two separate extensions of scheduling-order deadlines to allow the parties to explore settlement possibilities: one from September 10, 2010, through October 25, 2010, and another from August 22, 2011, through October 24, 2011.

4. Recognizing that their prior settlement discussions had not produced a resolution of any of the issues in the case, Plaintiffs and Defendant ("Movants") agreed in August 2011 to engage Thomas J. Wills to mediate further settlement discussions. Through the efforts of Mr. Wills as mediator, including an in-person mediation in Charleston on October 4, 2011, Movants finally reached an agreement to resolve their differences—both as to class certification and the merits—on or about November 10, 2011.

5. As explained to the Court in the joint motion, the Movants' mediated settlement agreement includes three agreements requiring the Court's approval. The first is that, despite the good-faith and zealous efforts of Plaintiffs and their counsel, there is substantial doubt that the record currently before the Court, taken as a whole, will support all of the findings necessary to support class certification under Rule 23. The second is that Plaintiffs should be afforded an opportunity to amend their complaint to assert individual claims for relief under the South Carolina Unfair Trade Practices Act, including claims for attorneys' fees under S.C. Code § 39-5-140. The third is that the Plaintiffs' individual claims under the South Carolina Unfair Trade Practices Act be settled for a confidential sum as reflected in the parties' settlement agreement.

6. In light of the substantial and innovative work Plaintiffs' counsel have performed—and the risks they have taken on—in researching and presenting Plaintiffs' theories of recovery, in resisting Defendants' motions to dismiss, and in taking discovery regarding the merits of the case, this is a fair and reasonable result. It does not compensate Plaintiffs or their counsel for any efforts undertaken on behalf of the proposed class or otherwise aggrandize Plaintiffs or their counsel at the expense of the proposed class, who have benefitted from this proposed class action through tolling of the applicable limitations period under the *American Pipe* doctrine. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); *Shelton v. Pargo*, 582 F.2d 1298 (4th Cir. 1978).

Accordingly, it is hereby:

**ORDERED** that the Movants' Joint Motion (ECF No. 238) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Motion for Class Certification (ECF No. 175) is **DENIED**; and it is further

**ORDERED** that Plaintiffs shall file a Third Amended Complaint in the form attached as Exhibit A to the Joint Motion within 5 days after the entry of this order; and it is further

**ORDERED** that Movants shall take all further measures reasonably necessary to effectuate all other terms of their mediated settlement agreement within 10 days after the entry of this order.

IT IS SO ORDERED.

November 17, 2011　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge